Richard J. Cardamone, J.
This is an application to set aside a special election held to create a water district in the Town of Elbridge, Onondaga County, New York, to be known as the East Elbridge Water District, which was passed by a vote of 53 to 52.
The election was held pursuant to the authority of section 209 et seq. of the Town Law which provides: ‘ The proposition submitted must be approved by the affirmative vote of a majority of the owners of taxable real property situate in the proposed district * * * as shown upon the latest completed assessment-roll of the town, voting on such proposition ” (Town Law, § 209-e, subd. 3). Review is provided in subdivision 2 of section 209-g of the Town Law which provides: “ Any interested person aggrieved by any final determination or order made pursuant to the provisions of this article may review the same in a manner provided by article seventy-eight of the civil practice law and rules
The four categories of voters alleged by the petitioner to be incorrectly determined by the election inspectors will be discussed as follows:
There was a group of 15 voters, residents of the two trailer parks in the proposed water district, who came to vote with deeds but who were not permitted to vote. That determination was correctly made. (New York Mobile Homes Assn. v. Steckel, 9 N Y 2d 533, 539 [1961].) Regardless of that, however, the question of whether these occupants of these, trailer parks would be permitted to vote in this particular election has previously been determined by an order of this court (Sullivan, J.) filed and entered in the Onondaga County Clerk’s office on March 8, *229 1966. No appeal has been taken from this order and the time within which to do so has elapsed. That determination is the law of the case.
There were voters who were permitted to vote although their names did not appear on the assessment roll for the town. It appears in the petition, in paragraph 10 (the last sentence) “ That the named individuals allowed to vote, although not shown on the last preceding assessment-roll were mainly owners of farm land within the proposed district ”. It is not necessary that their names appear on the assessment roll but, merely, that the property appear on the last assessment roll (Town Law, § 191), and the Board of Elections was entitled to determine that these voters were in fact owners of the property even though their names did not appear on the last assessment roll. (Matter of Reister v. Town Bd. of the Town of Fleming, 24 A D 2d 548 [4th Dept., 1965].)
As to the vote of the alleged convicted felon, there is only a claim by the petitioner that he was challenged at said election, but was allowed to vote * * * that upon information and belief, such fact was known to the Inspectors of Election, and that [name] voted in favor of the creation of the East Elbridge Water District ”. There is no affidavit regarding the challenge nor any confirmation of this from any election inspector although there is an affidavit by Gladys Simonds, one of the election inspectors, attached to the moving papers. There is no actual affidavit as to how the person in question voted, aside from the information and belief statement contained in-the petitioner’s affidavit. Such is not sufficient to set aside that vote.
Finally, Robert Ball and Louise Ball, his wife, owners of the ‘Elbridge Motel” were not allowed to vote because their ownership was based upon a land contract. They did not appear at the polling place because, as they state in their affidavits, they were advised not to vote and a news story appearing in the local newspaper (attached to the moving papers) contained the statement ‘ ‘ persons having land contracts only and not an executed, completed deed, are not entitled to vote ”. They attached also the affidavit of Gladys Simonds who states that ‘ ‘ the Election Inspectors were instructed not to allow anyone to vote who held title by virtue of a land contract ”. Clearly, owners of real property by virtue of a land contract are entitled to vote (Doyle v. Town of Diana, 203 App. Div. 239, 241 [4th Dept., 1922]; 6 Op. St, Compt. 1950, 310; 1958 Atty. Gen. [Inf.] 78). The essential element is ownership of taxable property appearing on the latest completed assessment roll, no matter how small the interest. (19 Op. St. Compt. 1963, 210.)
*230 Both of these voters would have voted “ no ” had they voted. Thus, their votes would have changed the results of the election. However, they chose to stay away from the polls because, as they claim, of a news story. If they had appeared, the election inspectors would have been compelled to comply with the mandatory provisions regarding challenges contained in the Election Law (§ 225). In that way, their vote would have been recorded. These two voters are not persons aggrieved under the Town Law (§ 209-g, subd. 2). This court has no jurisdiction, under these circumstances, to take any action in regard to an election unless the citizen electors are actually aggrieved. It is elementary that, in order to be ‘ ‘ aggrieved ” in an election, a citizen elector who believes he is entitled to vote must appear at the polling place to make a record of his vote. His failure to appear at the polling place, regardless of his personal reasons therefor, gives him no standing to contest the election by a subsequent court proceeding.
Under all the circumstances, this court finds no irregularities sufficient to set the special election aside. Therefore, the petition is dismissed.